UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2024 SEP 17 PM 12:09

CLERK

BY _____
DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No: |
| ) | 2:24-cv-1011 |
| v. ) | |
| ) | |
| USDT in Two Wallets for a total of ) | |
| 1,897,169.648281 USDT as of July 26, 2024, ) | |
| ) | |
| Defendant in rem. ) | |

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff, the United States of America (the "United States"), by and through its attorney, Nikolas P. Kerest, United States Attorney for the District of Vermont, brings this verified complaint and alleges, upon information and belief, as follows in accordance with Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions:

### NATURE OF THE ACTION

1. This is a civil action *in rem* to forfeit brought pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C) for the forfeiture of the Property listed below. As discussed below, the Property constitutes proceeds of, or was involved in, a fraud and money laundering scheme in which unknown cyber actors used wire transactions to take customer deposit funds from an account at Remitano, a Lithuanian cryptocurrency exchange, in violation of Title 18, United States Code, Sections 1343 (wire fraud), 1956 (laundering of monetary instruments), and 1957 (engaging in monetary transactions in property derived from specified unlawful activity), and therefore is subject to civil forfeiture under 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C).

## THE DEFENDANT IN REM

2.     The defendant Property (hereinafter "the Property") consists of Tether (USDT) held in the following Target Wallets, with the listed balances as of July 26, 2024 (for a total of 1,897,169.648281 USDT across two networks, Ethereum (ETH) and Tron (TRX)):

  i. Target Wallet 1 (0x74530e81E9f4715c720b6b237f682CD0e298B66C): USDT/ETH 1,359,253.29346
 ii. Target Wallet 2 (TEDNf1aqk8YJEUdNH9NRd4MqibZmdP49Fm): USDT/TRX 537,916.354821.

## JURISDICTION AND VENUE

3.     The Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355(a), as this is a civil action commenced by the United States for the recovery and enforcement of a forfeiture under federal law and, as detailed herein, pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C), the Property is forfeitable as it constitutes or is derived from proceeds traceable to and was involved in and traceable to laundering of funds in violation of 18 U.S.C. §§ 1343, 1956, and 1957.

4.     The Court has subject-matter jurisdiction over the Property pursuant to 28 U.S.C. §§ 1355(b)(1)(B) and 1395(b), as the Property has been seized by the government outside of any judicial district pursuant to a seizure warrant issued in this District.[1] *See 2:24-mj-83*. Further, the Court has *in rem* jurisdiction over the Property pursuant to 18 U.S.C. § 984.

---

[1] The Property described in this indictment exists in the form of electronic data. Pursuant to the seizure warrant issued by this Court, the Property has been seized from the initially identified wallets and transferred into a government-controlled wallet. That government-controlled wallet can now be accessed by the government from within the District, effectively "moving" the asset into the district.

2

5.      Likewise, this District is a proper venue for this action pursuant to 28 U.S.C. §§ 1355(b)(1)(B) and 1395(b), as the Property has been seized by the government outside of any judicial district pursuant to a seizure warrant issued in this District. *See 2:24-mj-83.*

## STATEMENT OF FACTS

6.      The pertinent facts supporting this claim are contained in the attached declaration of F.B.I. Special Agent Justin Woodford, incorporated herein.

## FIRST CLAIM FOR RELIEF

### (Forfeiture Pursuant to 18 U.S.C. §§ 981(a)(1)(C))

7.      Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 6 above as if fully set forth herein.

8.      Pursuant to 18 U.S.C. § 981(a)(1)(C), any property, real or personal, which constitutes or is derived from proceeds traceable to any offense constituting "specified unlawful activity," as defined in 18 U.S.C. § 1956(c)(7), "or a conspiracy to commit such an offense" is subject to forfeiture to the United States.

9.      Pursuant to 18 U.S.C. § 1956(c)(7)(A), the term "specified unlawful activity" includes any act or activity constituting an offense listed in 18 U.S.C. § 1961(1), except an act that is indictable under Subchapter II of Chapter 53 of Title 31 of the U.S. Code. This definition of "specified unlawful activity" includes any act indictable under 18 U.S.C. § 1343 (wire fraud).

10.     The Property is personal property which constitutes or is derived from proceeds traceable to a wire fraud offense in violation of 18 U.S.C. § 1343.

11.     Accordingly, all right, title and interest in the Property is subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(C).

12. By virtue of the foregoing and pursuant to 18 U.S.C. § 981(f), all right, title and interest in the Property vested in the United States at the time of the commission of the unlawful act giving rise to forfeiture and has become forfeitable to the United States.

## SECOND CLAIM FOR RELIEF

### (Forfeiture Pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C))

13. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 6 above as if fully set forth herein.

14. Pursuant to 18 U.S.C. § 981(a)(1)(A), "[a]ny property, real or personal, involved in a transaction or attempted transaction in violation of" 18 U.S.C. § 1956, "or any property traceable to such property," is subject to forfeiture to the United States.

15. Pursuant to 18 U.S.C. § 981(a)(1)(C), any property, real or personal, which constitutes or is derived from proceeds traceable to any offense constituting "specified unlawful activity," as defined in 18 U.S.C. § 1956(c)(7), "or a conspiracy to commit such an offense" is subject to forfeiture to the United States.

16. Pursuant to 18 U.S.C. § 1956(c)(7)(A), the term "specified unlawful activity" includes any act or activity constituting an offense listed in 18 U.S.C. § 1961(1), except an act that is indictable under Subchapter II of Chapter 53 of Title 31 of the U.S. Code. This definition of "specified unlawful activity" includes any act indictable under 18 U.S.C. § 1956 (relating to the laundering of monetary instruments).

17. The Property is personal property which constitutes or is derived from, derived from proceeds of, or traceable to money laundering in violation of 18 U.S.C. §§ 1956 and 1957.

18. Accordingly, all right, title and interest in the Property is subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C).

19. By virtue of the foregoing and pursuant to 18 U.S.C. § 981(f), all right, title and interest in the Property vested in the United States at the time of the commission of the unlawful act giving rise to forfeiture and has become forfeitable to the United States.

## POTENTIAL CLAIMANTS

20. The potential claimants to the Property are the victims of the fraud and money laundering offenses, Remitano, a cryptocurrency exchange registered in Vilnius, Lithuania as UAB Retech Labs. The United States is in contact with Remitano via email communication between FBI and Remitano's legal counsel.

## CLAIM FOR RELIEF

21. Wherefore, the United States respectfully requests that the Court provide due notice to all parties to appear and show cause why the forfeiture should not be decreed; issue a warrant in rem for the Property; enter a judgment declaring the Property to be condemned and forfeited to the United States; and award costs and disbursements in this action to the United States, and order any other relief that the Court deems appropriate.

Dated at Burlington, in the District of Vermont, this 17th day of September, 2024.

                Respectfully submitted,

                NIKOLAS P. KEREST
                United States Attorney

By /s/ Eugenia A.P. Cowles
                EUGENIA A.P. COWLES
                Assistant U.S. Attorney
                U.S. Attorney's Office
                P.O. Box 570
                Burlington, VT 05402-0570
                (802) 951-6725
                eugenia.cowles@usdoj.gov
                *Attorney for the Plaintiff*

## VERIFICATION

I, Justin Woodford, a Special Agent with the Federal Bureau of Investigation, hereby verify pursuant to 28 U.S.C. § 1746 under penalty of perjury that I have read the foregoing complaint and that the contents thereof are true and correct to the best of my knowledge, information, and belief.

Dated at Burlington, in the District of Vermont, this 17th day of September, 2024.

                */s/ Justin Woodford*
                Justin Woodford
                Special Agent, FBI