UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2024 SEP 17 PM 12:09

CLERK

BY _____
     DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| *Plaintiff,* | Case No: |
| v. | 2:24-cv-1011 |
| USDT in Two Wallets for a total of 1,897,169.648281 USDT as of July 26, 2024, | |
| *Defendant in rem.* | |

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff, the United States of America (the "United States"), by and through its attorney, Nikolas P. Kerest, United States Attorney for the District of Vermont, brings this verified complaint and alleges, upon information and belief, as follows in accordance with Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions:

### NATURE OF THE ACTION

1. This is a civil action *in rem* to forfeit brought pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C) for the forfeiture of the Property listed below. As discussed below, the Property constitutes proceeds of, or was involved in, a fraud and money laundering scheme in which unknown cyber actors used wire transactions to take customer deposit funds from an account at Remitano, a Lithuanian cryptocurrency exchange, in violation of Title 18, United States Code, Sections 1343 (wire fraud), 1956 (laundering of monetary instruments), and 1957 (engaging in monetary transactions in property derived from specified unlawful activity), and therefore is subject to civil forfeiture under 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C).

**THE DEFENDANT IN REM**

2.  The defendant Property (hereinafter "the Property") consists of Tether (USDT) held in the following Target Wallets, with the listed balances as of July 26, 2024 (for a total of 1,897,169.648281 USDT across two networks, Ethereum (ETH) and Tron (TRX)):

    i. Target Wallet 1 (0x74530e81E9f4715c720b6b237f682CD0e298B66C): USDT/ETH 1,359,253.29346
    ii. Target Wallet 2 (TEDNf1aqk8YJEUdNH9NRd4MqibZmdP49Fm): USDT/TRX 537,916.354821.

**JURISDICTION AND VENUE**

3.  The Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355(a), as this is a civil action commenced by the United States for the recovery and enforcement of a forfeiture under federal law and, as detailed herein, pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C), the Property is forfeitable as it constitutes or is derived from proceeds traceable to and was involved in and traceable to laundering of funds in violation of 18 U.S.C. §§ 1343, 1956, and 1957.

4.  The Court has subject-matter jurisdiction over the Property pursuant to 28 U.S.C. §§ 1355(b)(1)(B) and 1395(b), as the Property has been seized by the government outside of any judicial district pursuant to a seizure warrant issued in this District.[1] *See 2:24-mj-83.* Further, the Court has *in rem* jurisdiction over the Property pursuant to 18 U.S.C. § 984.

---

[1] The Property described in this indictment exists in the form of electronic data. Pursuant to the seizure warrant issued by this Court, the Property has been seized from the initially identified wallets and transferred into a government-controlled wallet. That government-controlled wallet can now be accessed by the government from within the District, effectively "moving" the asset into the district.

5.  Likewise, this District is a proper venue for this action pursuant to 28 U.S.C. §§ 1355(b)(1)(B) and 1395(b), as the Property has been seized by the government outside of any judicial district pursuant to a seizure warrant issued in this District. *See 2:24-mj-83.*

## STATEMENT OF FACTS

6.  The pertinent facts supporting this claim are contained in the attached declaration of F.B.I. Special Agent Justin Woodford, incorporated herein.

## FIRST CLAIM FOR RELIEF

### (Forfeiture Pursuant to 18 U.S.C. §§ 981(a)(1)(C))

7.  Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 6 above as if fully set forth herein.

8.  Pursuant to 18 U.S.C. § 981(a)(1)(C), any property, real or personal, which constitutes or is derived from proceeds traceable to any offense constituting "specified unlawful activity," as defined in 18 U.S.C. § 1956(c)(7), "or a conspiracy to commit such an offense" is subject to forfeiture to the United States.

9.  Pursuant to 18 U.S.C. § 1956(c)(7)(A), the term "specified unlawful activity" includes any act or activity constituting an offense listed in 18 U.S.C. § 1961(1), except an act that is indictable under Subchapter II of Chapter 53 of Title 31 of the U.S. Code. This definition of "specified unlawful activity" includes any act indictable under 18 U.S.C. § 1343 (wire fraud).

10. The Property is personal property which constitutes or is derived from proceeds traceable to a wire fraud offense in violation of 18 U.S.C. § 1343.

11. Accordingly, all right, title and interest in the Property is subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(C).

12. By virtue of the foregoing and pursuant to 18 U.S.C. § 981(f), all right, title and interest in the Property vested in the United States at the time of the commission of the unlawful act giving rise to forfeiture and has become forfeitable to the United States.

## SECOND CLAIM FOR RELIEF

### (Forfeiture Pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C))

13. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 6 above as if fully set forth herein.

14. Pursuant to 18 U.S.C. § 981(a)(1)(A), "[a]ny property, real or personal, involved in a transaction or attempted transaction in violation of" 18 U.S.C. § 1956, "or any property traceable to such property," is subject to forfeiture to the United States.

15. Pursuant to 18 U.S.C. § 981(a)(1)(C), any property, real or personal, which constitutes or is derived from proceeds traceable to any offense constituting "specified unlawful activity," as defined in 18 U.S.C. § 1956(c)(7), "or a conspiracy to commit such an offense" is subject to forfeiture to the United States.

16. Pursuant to 18 U.S.C. § 1956(c)(7)(A), the term "specified unlawful activity" includes any act or activity constituting an offense listed in 18 U.S.C. § 1961(1), except an act that is indictable under Subchapter II of Chapter 53 of Title 31 of the U.S. Code. This definition of "specified unlawful activity" includes any act indictable under 18 U.S.C. § 1956 (relating to the laundering of monetary instruments).

17. The Property is personal property which constitutes or is derived from, derived from proceeds of, or traceable to money laundering in violation of 18 U.S.C. §§ 1956 and 1957.

18. Accordingly, all right, title and interest in the Property is subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C).

19. By virtue of the foregoing and pursuant to 18 U.S.C. § 981(f), all right, title and interest in the Property vested in the United States at the time of the commission of the unlawful act giving rise to forfeiture and has become forfeitable to the United States.

## POTENTIAL CLAIMANTS

20. The potential claimants to the Property are the victims of the fraud and money laundering offenses, Remitano, a cryptocurrency exchange registered in Vilnius, Lithuania as UAB Retech Labs. The United States is in contact with Remitano via email communication between FBI and Remitano's legal counsel.

## CLAIM FOR RELIEF

21. Wherefore, the United States respectfully requests that the Court provide due notice to all parties to appear and show cause why the forfeiture should not be decreed; issue a warrant in rem for the Property; enter a judgment declaring the Property to be condemned and forfeited to the United States; and award costs and disbursements in this action to the United States, and order any other relief that the Court deems appropriate.

Dated at Burlington, in the District of Vermont, this 17th day of September, 2024.

Respectfully submitted,

NIKOLAS P. KEREST
United States Attorney

By: /s/ Eugenia A.P. Cowles
EUGENIA A.P. COWLES
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 570
Burlington, VT 05402-0570
(802) 951-6725
eugenia.cowles@usdoj.gov
*Attorney for the Plaintiff*

## VERIFICATION

I, Justin Woodford, a Special Agent with the Federal Bureau of Investigation, hereby verify pursuant to 28 U.S.C. § 1746 under penalty of perjury that I have read the foregoing complaint and that the contents thereof are true and correct to the best of my knowledge, information, and belief.

Dated at Burlington, in the District of Vermont, this 17th day of September, 2024.

*/s/ Justin Woodford*
Justin Woodford
Special Agent, FBI

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2024 SEP 17 PM 12:09

CLERK

BY _____
DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No: |
| ) | |
| v. ) | 2:24-cv-1011 |
| ) | |
| USDT in Two Wallets for a total of ) | |
| 1,897,169.648281 USDT as of July 26, 2024, ) | |
| ) | |
| Defendant in rem. ) | |

## DECLARATION

I, Justin Woodford, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a Special Agent with the Federal Bureau of Investigation and have been since January 2021. Since becoming a Special Agent, I have been assigned to a Cyber Crime Task Force in Albany, NY. I am responsible for investigating complex criminal computer intrusions and cyber fraud, including fraud involving cryptocurrency. I have experience working ransomware, business email compromise, and cryptocurrency trading platform fraud cases, commonly known as "Pig Butchering". I have received training related to cyber security, open-source intelligence, and reverse malware engineering and have a bachelor's degree in computer and information science. I have participated in the execution of search warrants involving electronic evidence, including searches of email accounts and computers.

2. The facts set forth in this affidavit are based on my personal knowledge, including what I have learned through my training and experience as a law enforcement officer, my review of documents and other records obtained in the course of this investigation, and information I have

obtained in the course of this investigation from witnesses having personal knowledge of the events and circumstances described herein and other law enforcement officers, all of whom I believe to be truthful and reliable. I have not included in this affidavit every detail I know about this investigation. Rather, I have included only the information necessary to establish probable cause that the property is subject to forfeiture.

3.   I submit this affidavit to show probable cause to believe that the defendant Property, described below, constitutes proceeds of, or was involved in, a fraud and money laundering scheme in which unknown cyber actors used wire transactions to take customer deposit funds from an account at Remitano, a Lithuanian cryptocurrency exchange, in violation of Title 18, United States Code, Sections 1343 (wire fraud), 1956 (laundering of monetary instruments), and 1957 (engaging in monetary transactions in property derived from specified unlawful activity), and therefore is subject to civil forfeiture under 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C).

4.   The defendant Property (hereinafter "the Property") consists of Tether (USDT) seized from the following Target Wallets, with the listed balances as of July 26, 2024 (for a total of 1,897,169.648281 USDT across two networks, Ethereum (ETH) and Tron (TRX)):

  i. Target Wallet 1 (0x74530e81E9f4715c720b6b237f682CD0e298B66C):
     USDT/ETH 1,359,253.29346
  ii. Target Wallet 2 (TEDNf1aqk8YJEUdNH9NRd4MqibZmdP49Fm):
     USDT/TRX 537,916.354821.

5.   The Property is currently in the custody of the U.S. government. It was seized pursuant to a warrant issued in this Court on July 30, 2024, *see* 2:24-mj-83, and is currently held in two government wallets, addresses 0xD8bc6a969D21039628d07AA63a5cd18DAb918153

(Target Wallet 1 funds) and TQCHjRw4Ufq3nsxTBYFv6UavGV4WRVjeKo (Target Wallet 2 funds).

### Facts Supporting Findings of Probable Cause

6. **Stablecoins:** Stablecoins are a type of virtual currency whose value is pegged to a commodity's price, such as gold, or to a fiat currency, such as the U.S. Dollar, or to a different virtual currency. For example, USDC is a stablecoin pegged to the U.S. dollar. Stablecoins achieve their price stability via collateralization (backing) or through algorithmic mechanisms of buying and selling the reference asset or its derivatives.

7. **Tether (USDT)**: "TetherUS" (USDT), also referred to as "Tether," is a cryptocurrency purportedly backed by United States dollars. Tether was originally designed to always be worth $1, and the company responsible for issuing Tether purportedly maintained $1 in reserves for each Tether issued. As of January 1, 2024, one Tether coin was worth approximately $1 USD. Tether Limited ("Tether") is a company that manages the smart contracts and the treasury (*i.e.,* the funds held in reserve) for USDT tokens.

8. On or around September 14, 2023, a cyber-attack at Remitano, a cryptocurrency exchange registered in Vilnius, Lithuania as UAB Retech Labs, with international customers including in the United States, led to the theft of virtual assets across multiple networks. According to reports of the theft, an unknown cyber actor redirected virtual assets from Remitano's accounts into accounts associated with the theft scheme.

9. The FBI reviewed blockchain data and observed the following transactions of USDT leaving Remitano:

   a. On September 14, 2023 at 13:07 UTC, transaction hash
      04f3103388a311db69c5b301c675f7fe1a847d9fb1a1edaf0d98950ecf37b14b,

3

where 69,694.5122 USDT/TRX was observed sent from TLYCaS9cZErMpUuwjZQbkFvYqx6Zaq11hE (Remitano's hot wallet[1]) to TEDNf1aqk8YJEUdNH9NRd4MqibZmdP49Fm (Target Wallet 2).

b. On September 14, 2023 at 12:36 UTC, transaction hash f29c1ebf6f62a180b3c0d6fc0a299c12c989efaf8edc74a9da5a6553f6ee923c, where 468,221.842621 USDT/TRX was observed sent from TLYCaS9cZErMpUuwjZQbkFvYqx6Zaq11hE (Remitano's hot wallet) to TEDNf1aqk8YJEUdNH9NRd4MqibZmdP49Fm (Target Wallet 2).

c. On September 14, 2023 at 12:45 UTC, transaction hash 0xe0725362fd774de0d8416d5e3d028063508ffa61f68087c576320e42159677a9, where 1,359,253.29346 USDT/ETH was observed sent from 0x2819c144D5946404C0516B6f817a960dB37D4929 (Remitano's hot wallet) to 0x74530e81E9f4715c720b6b237f682CD0e298B66C (Target Wallet 1).

10. The United States Attorney's Office in the District of Vermont, the Federal Bureau of Investigation, and other private entities requested Tether to voluntarily restrain the TARGET PROPERTY such that Tether in Target Wallet 1 and Target Wallet 2 could not further transact with the USDT contract on the Tron network (TRX) and Ethereum network (ETH). On September 14, 2023, Tether reviewed the request and agreed to prevent further movement of the Target Property.

11. On or around July 15, 2024, a representative of the legal team at Remitano contacted the FBI. The representative stated that Remitano hired a third-party company, CryptoForensic

---

[1] Hot wallets are cryptocurrency wallets with a connection to the internet. This allows the administrator of the wallet to make transactions more quickly on the blockchain. This type of wallet is optimal for larger volumes of transactions. At an exchange such as Remitano, the hot wallet facilitates transactions for all its users.

Investigators, to investigate the event and assist in the recovery efforts of the stolen assets. CryptoForensic Investigators concluded that a security breach occurred at Remitano because of a vulnerability in a third-party service that ultimately led the theft of cryptocurrency from the Remitano exchange hot wallet. The representative confirmed that the transactions the FBI observed moving into the Target Wallets were not initiated by or for Remitano and represented movement of funds involved in, and the proceeds of, the crime.

12. On July 30, 2024, this Court issued a warrant authorizing the government to seize the Property from Tether. In compliance with that warrant, the Property was transferred into a U.S.-government controlled wallet pending further proceedings.

## Conclusion

12. Based on the information set forth above and on my training and experience, I believe there is probable cause that the Property constitutes proceeds of, or was involved in, a fraud and money laundering scheme in violation of Title 18, United States Code, Sections 1343 (wire fraud), 1956 (laundering of monetary instruments), and 1957 (engaging in monetary transactions in property derived from specified unlawful activity), and therefore is subject to civil forfeiture under 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C).

13. I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 17, 2024.

*/s/ Justin Woodford*
Justin Woodford, FBI Special Agent

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

**DEFENDANTS**
USDT in Two Wallets for a total of 1,897,169.648281 USDT as of July 26, 2024

(b) County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Eugenia A.P.. Cowles
11 Elmwood Ave, Burlington VT 05401

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question *(U.S. Government Not a Party)*
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☒ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

RECEIVED SEP 17 2024 U.S. DISTRICT COURT BURLINGTON VT

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C)

Brief description of cause:
Fraud money laundering scheme with unknown cyber actors who depleted funds from a Lithuanian company

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 09/17/2024
SIGNATURE OF ATTORNEY OF RECORD: *(signature)*

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE 1011 MAG. JUDGE _____

2:24 cv-1011